# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 2:21CR00013 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CHRISTOPHER MICHAEL ANDERSON**, ) | JUDGE JAMES P. JONES |
| ) | |
| ) | |
| Defendant. ) | |

*Lena Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Matthew Hill, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Defendant contends that the charges against him for possession of firearms after having been convicted of a misdemeanor crime of domestic violence must be dismissed on the ground that the statute, 18 U.S.C. § 922(g)(9), facially violates the Second Amendment in light of the Supreme Court's recent analysis in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). I disagree and will deny the Motion to Dismiss.

The Indictment charges the defendant with two counts of violation of § 922(g)(9), alleging that on December 27, 2019 (Count One), and again on June 7, 2021 (Count Two), knowing that he had been previously convicted of a misdemeanor crime of domestic violence, namely assault and battery of a family

member in violation of Va. Code Ann. § 18.2-57.2, he knowingly possessed certain enumerated firearms and ammunition, which were in and affecting commerce. Section 922(g)(9) provides that it shall be unlawful for any person "who has been convicted in any court of a misdemeanor crime of domestic violence" to "possess in or affecting commerce, any firearm or ammunition." A "misdemeanor crime of domestic violence" is defined as (1) "a misdemeanor under Federal, State, Tribal, or local law"; and (2) "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, by a person similarly situated to a spouse, parent, or guardian of the victim, or by a person who has a current or recent former dating relationship with the victim." 18 U.S.C. § 921(a)(33)(A)(i), (ii).

In the *Bruen* case, the Supreme Court adopted a new standard for evaluating the validity of firearm regulation under the Second Amendment: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 142 S. Ct. at 2129–30. Assuming that the text of the Second Amendment covers the conduct charged here, I find that the government has

provided sufficient evidence of historical tradition, that, by analogy, applies to uphold § 922(g)(9). *United States v. Nutter*, No. 2:21-cr-00142, 2022 WL 3718518, at *6–7 (S.D. W. Va. Aug. 29, 2022) (upholding facial constitutionality of § 922(g)(9) under *Bruen*); *United States v. Jackson*, No. CR-22-59-D, 2022 WL 3582504, at *3 (W.D. Okla. Aug. 19, 2022) (same).[1]

For the forgoing reasons, it is **ORDERED** that the defendant's Motion to Dismiss, ECF No.71, is DENIED.

ENTER: October 17, 2022

/s/  JAMES P. JONES
Senior United States District Judge

---

[1] The Fourth Circuit previously upheld the constitutionality of § 922(g)(9) under the Second Amendment, *United States v. Chester*, 628 F.3d 673, 682–83 (4th Cir. 2010), *following remand,* 514 F. App'x 393, 394–95 (4th Cir. 2013) (unpublished). I will assume, however, that this precedent is not binding in light of the decision in *Bruen.*